THE MAYOR, &c., OF JERSEY CITY vs. THE JERSEY CITY AND BERGEN RAILROAD COMPANY.

1. The charter of a street railroad company authorized it to lay rails in the streets of a city, upon first obtaining the consent of the common council. By a supplement, it was positively authorized to construct several tracks specified in the supplement, withot any condition or reference to the consent of the common council. *Held*, that as to such tracks, the consent of council was not necessary.

2. The grant of powers of local government to a municipal corporation is not a contract, but an exercise of legislative power; and the legislature may, at any time, take away, resume, or limit such power.

3. The rule of construction of statutes is, that a provision in a statute inconsistent with a provision in a former statute, repeals the first statute *pro tanto*.

This was an application for an injunction to restrain the defendant from laying an additional track of its horse railroad in Pavonia avenue, in Jersey City. It was applied for on two grounds. The first was, that the defendant was not laying the track so that the two tracks, when laid, should be *equi-distant* from the centre of the street as required by the act authorizing it. The second was, that the defendant was laying the track without first obtaining permission of the complainant.

*Mr. A. K. Brown,* for complainants.

The question presented by this case is, does the act of 1867, authorizing the defendant to lay a second track in Pavonia avenue and other streets, repeal the section of its original charter, requiring the company to obtain the consent of the common council to lay rails in the streets of Jersey City?

1. We insist that the said section of the original act is not repealed by the supplement of 1867. See original act, *Session Laws of* 1859, *p.* 414, § 6, next to last proviso. See supplement, *Session Laws of* 1867, *p.* 53, §§ 1 and 4.

The act of 1867 is a supplement of the act of 1859, and consequently the two acts are to be read together as one act, and are to have the same construction as if they were one act, passed at the same time.

It may be said that the first section of the supplement gives the defendant full power to lay the additional track, without consent of the common council. So does the sixth section of the original charter, uncontrolled by the proviso. This proviso of the original charter is no more inconsistent with the first section of the supplement than it is with the sixth section of the original charter. In fact they are perfectly consistent with each other, and both can operate together.

2. Does the fourth section of the supplement repeal the proviso of the original act, or in other words, are they in any sense inconsistent with each other?

The proviso in the sixth section of the charter simply provides, that in constructing said railroad or branches through any of the streets or avenues of Jersey City, the consent of the common council of said city shall be first obtained; the work shall be done under the inspection of the commissioners of streets or other proper officers of said city, &c.

The provision in the fourth section of supplement is in no way inconsistent with the other. It must be understood

as to apply after the consent has been obtained from the common council to lay the track.   That this was the intention of the legislature, is manifest from the language used, viz. " that it shall not be lawful for the municipal authorities or any of them, of any city or town through which the railroads of said company are, or shall be laid, to interfere with, hinder, or obstruct said company in constructing or running their railroads."   Had the legislature intended to take from the the common council the power over the streets vested in them by the city charter, and repeal the proviso of the sixth section of the original charter of defendant, they would have used very different language from this. They would, in so many words, have repealed the proviso of section sixth of the original charter of the company.   As they did not do this; and as allowing both the proviso of section sixth of the original charter, and the fourth section of the supplement of 1867 to stand, involves no inconsistency; both must be allowed to stand.   Section fourth of supplement applies to the tracks, which, at time of its passage, had been laid, under the consent of common council, as well as to those to be built.

3. There is another consideration which strongly enforces this construction of these acts, viz.

The streets through which these tracks are authorized by these acts to be laid are dedicated streets, and have been graded and improved at the expense of the adjoining land-owners to whom the fee belongs.   The right of the public, or of individuals, in the streets is simply the right of travel; a mere easement.   The purposes to which they have been dedicated, are those of travel solely.   Any permanent occupation or use of these streets for any other purpose than that of travel, is inconsistent with the purposes of their dedication.

The charter of the city, section forty-two, sub-division sixth, gives to the common council the entire control of the streets, and requires them to keep them at all times in such

condition as to secure to the public and the *adjoining owners*, the safe and convenient use of the streets and sidewalks.

This provision of the city charter gives the common council the entire control over the streets. They alone have power to regulate travel upon them, and keep them in a safe condition. They alone can remove encroachments upon them, and protect the public in their use.

To hold, then, that the supplement to the defendant's charter of 1867, allows them to dig up the streets at their will and pleasure, and lay down tracks and operate their roads through the streets of the city without the consent of the common council, is to hold that the said supplement of 1867 repeals the forty-second section, sub-division sixth of the city charter, and either takes from the common council the entire control of such streets, and places it in the hands of the defendant, or gives to the defendant and the common council a divided control over such streets.

I am sure this court will not hold that such was the intention of the legislature in passing the supplement to the defendant's charter of 1867, unless the language of that act is such as to admit of no other construction.

*Mr. L. Zabriskie*, for defendant.

The application for the injunction in this case is upon two grounds:

First. That defendant, by a supplement to its charter, approved February 13th, 1867, where it should lay or have a double track, should lay the same equi-distant from the centre of the street, or as near to the centre as practicable, and that where it laid a single track, it should be in the centre of the street. That the defendant, contrary to the requirements of said act, is laying a track on Pavonia avenue at a distance of three feet two inches from the southerly curb of said avenue.

The answer of the defendant admits the act aforesaid and the requirements named in regard to laying its tracks in the

streets, but denies that it is laying its rails in Pavonia avenue in the manner alleged in complainants bills; and states positively that it is laying its rails in said avenue in accordance with the provisions and requirements of said act; that it is laying, under the provisions of said act, an additional railroad track in Pavonia avenue, from Grove street to Provost street, and that it is removing its present track laid there in the centre of the street to one side, so that the new track and the old track, when removed, will be equi-distant from the centre of the street and as near thereto as practicable.

Second. That the said track is being laid in Pavonia avenue without the consent of the complainants, who have full power and control over the streets of the city, and that the legislature cannot give to the defendant the right to lay rails in those streets without the complainants' consent; that the original charter of the defendant, approved March 15th, 1859, provided that the defendant in constructing its railroad through the streets of Jersey City, should first obtain the consent of the complainants; and as the said supplement of February 13th, 1867, did not in express terms give defendant the right to construct the tracks therein named without the complainants' consent, the said provision of the charter is operative, and such track cannot be constructed without complainants' consent.

The defendant admits that it is laying such track without having obtained complainants' consent, and insists that it is not bound to do so.

The act of February 13th, 1867, section 1, gave it full power, and enacted, that it should be " lawful " for defendant to construct the railroad in question without imposing any obligation to get the consent of complainants, and enacted, on the contrary, section 4, that it should *not be lawful* for any municipal authority " to interfere with, hinder, or obstruct " defendant in constructing or running its railroads, and that such municipal authorities should " afford all

necessary and proper facilities" to defendant in constructing and operating its railroads.

The legislature, as the sovereign power of the state, to which the complainants are subordinate, had the right to give this unconditional authority to the defendant to lay its rails in the streets of Jersey City. 2 *Kent's Com.* 275; *Grant on Corp.* 47; *Morris and Essex R. Co.* v. *City of Newark*, 2 *Stockt.* 352; *Inhabitants of Springfield* v. *Connecticut River R. Co.*, 4 *Cush.* 63; *Wellington, petitioner, &c.*, 16 *Pick.*, SHAW, J., 102, 103; *Brooklyn City R. Co.* v. *Coney Island R. Co.*, 35 *Barb.* 364; *Wager* v. *Troy Union R. Co.*, 25 *N. Y. R.*, SMITH, J., 531; *People* v. *New York and Harlem R. Co.*, 45 *Barb*, HOGEBOOM, J., 83.

Next. The legislature did, in fact, give to the defendant the right to lay its track in Pavonia avenue without complainants' consent. See *Pamph. Laws* 1867, *p.* 53. Section 1 grants defendant the right to lay an additional track in Pavonia avenue, so it can have and use a double track railroad there. Section 4 makes it unlawful for any municipal authority to interfere with defendant in laying or operating said railroad. Section 7 repeals all acts and parts of acts inconsistent with that act or any of its provisions. There is no doubt but that this act, both by its effect and by its terms, repeals the provisions of the act of 1859, which requires the consent of the complainants to the laying of this railroad. *Dwar. on Stat.* 673; *Smith's Com.*, § 778.

THE CHANCELLOR.

The allegation in the bill that the defendant was so laying the additional track in Pavonia avenue, that the two tracks would not be *equi-distant* from the centre of the street, was made by misapprehension, and is disposed of by the answer. The only question which remains is, whether the defendant has a right to lay this track without the consent of the complainant. The complainant, so far as its right to regulate the streets is concerned, is merely a municipal corporation, exer-

2 H*

cising such powers as the legislature have delegated to it. It is well settled, that the grant of such powers is not a contract, but an exercise of legislative power, and that the legislature may at any time take away, resume, or limit such powers, in the same manner as those conferred upon courts, magistrates, sheriffs, and other officers, the machinery by which government is carried on. The only question then is, whether, in this case, the legislature have taken away or limited the powers granted to the complainant. By the charter of Jersey City, the complainant has the supervision of all public streets in the city, and the right to regulate the grading and paving of the same. And by the original charter of the defendant, the right granted to construct a railroad from Bergen Point to the Newark turnpike, with branches to the ferries in Hudson county, was subject to the provision, that in constructing these in Jersey City, the consent of the common council of Jersey City should first be obtained. If this track was being laid under that charter, the complainant is right in the position that the consent of the common council must first be had.

But the act of February 13th, 1867, gave the defendant express power to construct several tracks specified in it, without any reference to the consent of the complainant. No such reference can be implied, because it was required in a former grant, by a condition expressly annexed, and omitted in this. The defendant had before this act, the power to lay a second track in Pavonia avenue, upon obtaining the consent of the complainant. This act gave it the unconditional power of laying it, and if it was still subject to such consent, it would amount to nothing; it would grant no power not had before. But the fourth section of this act expressly provides that it shall not be lawful for the municipal authorities to interfere with, hinder, or obstruct the defendant in constructing its roads. This, if it was allowed, expressly takes away the right of the complainant to withhold its consent, and is therefore a repeal of so much of the original charter as requires it. The rule of construction is,

that a provision in a statute inconsistent with any provision in a former statute, repeals the first statute *pro tanto*. And if such were not the rule, this statute, in its last section, repeals all acts and parts of acts inconsistent with any of its provisions. The absolute grant of the right to lay a new track is inconsistent with the right of the complainant, by its charter to prevent it, and inconsistent with the provision in the original charter of the defendant, that the consent of the complainant must be obtained; and therefore these provisions are expressly repealed.

The injunction must be denied.